1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>    vs.<br><br>MISAEL CERVANTES-<br>HERNANDEZ,<br><br>                          Defendant. | CASE NO. 14cr3011 BEN<br><br><br>**ORDER** |

Defendant has pleaded guilty to illegal reentry in violation of 8 U.S.C. §1326(a) and (b).  In his sentencing memorandum, Defendant argues that in performing the Sentencing Guidelines calculation he should receive a four-level upward adjustment under USSG §2L1.2(a)(1)(D) for his prior conviction for seven counts of first degree burglary in violation of California Penal Code § 459/460.  The probation officer and the Government disagree.  The probation officer and the Government take the position that the prior felony conviction qualifies as an "aggravated felony" and should receive an eight-level upward adjustment under the provisions of USSG §2L1.2(b)(1)(C).

Defendant argues that his prior California burglary conviction cannot qualify as an aggravated felony because the Supreme Court determined that it is an indivisible statute broader than the generic federal offense of burglary.  *Descamps v. United States*, 133 S. Ct. 2276 (2013).  And because it is indivisible, the modified categorical approach cannot be applied.  *Id.*; *see also Rendon v. Holder*, 764 F.3d

- 1 -

1077, 1081 (9th Cir. 2014).  Defendant is correct on this point.

However, a first degree California burglary conviction still qualifies as an aggravated felony under the residual clause defining a crime of violence.  According to the Application Notes for USSG §2L1.2(b)(1)(C), an aggravated felony is defined by looking to 8 U.S.C. § 1101(a)(43).  In §1101(a)(43)(F) a crime of violence for which the term of imprisonment is at least one year, qualifies as an 8-level increase aggravated felony if it falls within the definition of the term "crime of violence" as defined in 18 U.S.C. §16.  Section 16, in turn has a main clause and a residual clause.  The residual clause of §16(b) describes:  *any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*." (Emphasis added.)

The Ninth Circuit has previously decided that first degree burglary under California law is categorically a crime of violence as defined in the residual clause of §16(b) through § 1101(a)(43)(F).  *See United States v. Ramos-Medina*, 706 F.3d 932, 936-37 (9th Cir. 2013); *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1112 (9th Cir. 2011); *Chuen Piu Kwong v. Holder*, 671 F.3d 872 (9th Cir. 2011).  And the Fourth Circuit recently agreed.  *See United States v. Avila,* 770 F.3d 1100, 1107 (4th Cir. 2014) ("First-degree burglary, as defined in California Penal Code §§ 459 and 460(a), is a crime of violence within the meaning of 18 U.S.C. § 16(b) and therefore qualifies as an aggravated felony.  Accordingly, the district court correctly applied the eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) when it calculated Avila's sentence.").  These decisions are left undisturbed by the Supreme Court's *Descamps* decision because that decision concerned only the generic federal crime of burglary.  It specifically did not address generic federal crimes described in a similar residual clause.  *Descamps*, 133 S. Ct. at 2293 & n.6 ("The Government here forfeited an alternative argument that § 459 qualifies as a predicate offense under ACCA's 'residual clause,' which covers statutes 'involving conduct that presents a

serious potential risk of physical injury to another.'  We express no view on that argument's merits.").

Therefore, Defendant's prior California first degree burglary conviction requires an eight-level increase under USSG §2L1.1(b)(1)(C).  *See, e.g., Avila,* 770 F.3d at 1107; *United States v. Talmore*, No. 13-10650, 585 Fed. App'x 567 (9th Cir. Oct. 23, 2014), *petition for cert. filed,* (Feb. 27, 2015) ("In [*United States v.*] *Park* [649 F.3d 1175 (9th Cir. 2011)], we had held that California first degree burglary qualifies as a 'crime of violence' because it falls under Section 4B1.2(a)'s 'residual clause.'  By its own terms, therefore, *Descamps* leaves *Park*'s holding undisturbed."); *United States v. Rodriguez-Frias,* No. 13-50189, 571 Fed. App'x. 536 (9th Cir. Apr. 23, 2014), *cert. denied*, 135 S. Ct. 978 (2015) ("We have consistently held that residential burglary under California Penal Code § 459 involves a 'substantial risk' of the use of force, thus satisfying the requirements of 18 U.S.C. § 16(b) . . . . This case involves a violation of 8 U.S.C. § 1326 and the definition of violence in the residual clause contained in § 16(b), which has slightly different language than the residual clause in § 924(e)(2)(B)(ii).  Therefore, *Descamps* is not on its face clearly irreconcilable with our prior precedent.").

DATED:  March 12, 2015

_____
Hon. Roger T. Benitez
United States District Judge